320

[Crim. No. 15265.   Second Dist., Div. Two.   May 23, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. CZESLAW KASPEREK, Defendant and Appellant.

David Daar for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bradley A. Stoutt, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, Acting P. J.—Pursuant to a stipulation that the cause would be submitted upon the preliminary hearing transcript, the trial court reviewed the record, heard the arguments of counsel and found appellant guilty of three counts of burglary.[1]

On the night of October 16, 1967, three locked automobiles were burglarized at different locations in the same Los Angeles neighborhood. The testimony of the owner-victims, Finster, Vandermast and Booth, indicated that in each instance personal property was stolen and the *modus operandi*

---

[1] Defendant's purported appeal from the order denying motion for new trial must be dismissed. (Pen. Code, § 1237.)

was essentially the same. Finster's wallet, taken from the glove compartment of his car, contained credit cards, driver's license, identification card, etc. From Vandermast's vehicle the burglar took his Craig stereo tape recorder identified by serial number and nine stereo tapes. The property taken from Booth's car consisted of his stereo tape recorder and several stereo tapes.

Prior to November 14, 1967, the witness, Richard Whittaker, a police officer of the City of Los Angeles, had arrested one Verne Simmons who at the time of his arrest had been found in possession of a Craig stereo tape recorder bearing the same serial number as that stolen from Vandermast. The theft of this identified recorder had been reported to Officer Whittaker. Simmons told the officer that he had purchased the recorder from appellant and thereafter guided the officer to appellant's place of residence.

On the morning of November 14, 1967, Officer Whittaker and his partner went to appellant's residence and knocked on the door with the intention to ask appellant about the statement of Simmons concerning his acquisition of the tape recorder. When appellant came to the door and identified himself, Officer Whittaker asked him whether he knew Verne Simmons. When appellant answered in the affirmative, the officer asked him whether or not he had sold Simmons a stereo tape recorder. Appellant answered "Yes." At that point appellant was placed under arrest as a burglary suspect.

Immediately upon placing appellant under arrest Officer Whittaker informed him fully as to his constitutional rights. Appellant said that he understood these rights and that he wished to speak. He told the officers that he had bought the stereo for $100 approximately a year previously.

The officers then asked appellant whether or not he wished to dress more fully and he indicated that he did. The officers told him that they would have to accompany him into the house to make sure that he would not try to attempt to escape or arm himself. Appellant having indicated his consent, the officers entered appellant's room where they observed a number of guns and approximately 99 stereo tapes. They looked through a box of tapes for identifying marks and found one with the name "Booth" printed in ink thereon. While appellant was dressing, he requested Officer Whittaker to hand him a pair of trousers which were lying on the floor. The officer picked up the trousers and in the course of checking them for weapons found a wallet therein. Inside the wallet were identi-

fication and credit cards in the name of Gerald Finster, the victim of one of the burglaries.

Appellant now contends (1) that the officers lacked probable cause to arrest him so that the search of his living quarters was illegal; (2) that he was in custody at the time he responded to the initial questioning by Officer Whittaker on the doorstep of his residence and that his rights under *Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], were violated; and (3) that the evidence is insufficient to support the judgment of conviction as to the third count of the information charging the burglary of the Vandermast vehicle.

We find no merit in any of these contentions. In view of their knowledge of the reported burglaries and the statement of Simmons, who had been found in possession of identified property which had been stolen in one of these recent burglaries, the officers were properly performing their duties when they went to appellant's residence for the purpose of investigation.

The trial court expressly found that when Officer Whittaker asked appellant whether he knew Simmons and whether he had sold Simmons the tape recorder, the police procedures were in the investigatory stage and that appellant was not in custody. The correctness of the trial court's holding is self-evident. (Cf. *People* v. *Manis*, 268 Cal.App.2d 653, 667 et seq. [74 Cal.Rptr. 423].) Until appellant had given his affirmative answers to the officers' preliminary questions, the logical probabilities of the situation strongly support the inference that the primary focus of suspicion rested upon Simmons, the known possessor of the stolen property, rather than upon appellant. However, appellant's answers were such as to shift the focus of attention toward him and to create that strong suspicion of guilt which justified the ensuing arrest. "Reasonable cause has been generally defined to be such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." (*People* v. *Ingle*, 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].) "Probable cause depends upon the measurement of probabilities [citations] based upon the unique facts of each particular case [citations]." (*People* v. *Hillery*, 65 Cal.2d 795, 803 [56 Cal.Rptr. 280, 423 P.2d 208].)

The trial court's finding of probable cause in the in-

stant case is adequately supported. The record indicates that the search of appellant's residence was incident to a lawful arrest and complied with every requirement of California law. (*People* v. *Cruz*, 61 Cal.2d 861, 866 [40 Cal.Rptr. 841, 395 P.2d 889].)

The contention that the evidence is insufficient to sustain the conviction as to the third count relating to the property taken from the Vandermast vehicle is refuted by the record. Officer Whittaker had identified the tape recorder recovered from Verne Simmons as one bearing the same serial number as the one which had been stolen from Vandermast. Appellant himself told the officer that he had sold a tape recorder to Verne Simmons. Since tape recorders are not generally the type of commodity which persons in the circumstances of Simmons and appellant deal with in quantity, it was reasonable on the basis of logical probability to infer that the tape recorder possessed by Simmons was, in fact, the one he had purchased from appellant. Moreover, the factual finding here in question is substantially supported by additional circumstantial evidence including the fact that other stolen property similar to that taken in this series of burglaries, including a large number of stereo tapes, was found in appellant's possession after his arrest.

In short, the undisputed evidence in this case more than fulfills the requirement that guilt be proved beyond a reasonable doubt. The guns and other accumulated loot found in appellant's bedroom demonstrated the extent of his predatory pursuits. It is only to be hoped that his conviction and his commitment to the Youth Authority may lead to his rehabilitation.

The judgment is affirmed, and the purported appeal from the order denying the motion for a new trial is dismissed.

Fleming, J., and Wright, J., concurred.